# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1998
_____

Alain Armand

*Plaintiff - Appellee*

v.

Priscilla Moxam Armand

*Defendant - Appellant*

------------------------------

Children's Law Center New York; Lawyers for Children; Saint Louis University
School of Law Children's Permanency Clinic

*Amici on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 4, 2026
Filed: March 9, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this matter brought under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"),[1] Priscilla Armand appeals the district court's order requiring the return of the parties' two minor children, ages 14 and 12, to France.

Under the Hague Convention, children who are wrongfully removed are to be promptly returned to their country of habitual residence "unless one of the narrow exceptions set forth in the Convention applies." 22 U.S.C. § 9001(a)(4). The "mature child defense" provides that a court may "refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." *Dubikovskyy v. Goun*, 54 F.4th 1042, 1048 (8th Cir. 2022) (quoting Hague Convention, art. 13).

In her answer to the petition, Armand requested that the children be interviewed, either by the court in camera or by a forensic psychologist, to determine if they object to return for purposes of the "mature child" defense. She renewed this request in her pre-hearing brief. Without addressing these requests, the district court granted the petition for the children's return.

Having jurisdiction under 28 U.S.C. § 1291, we vacate the district court's order and remand with the instruction that the court first address Armand's request for an interview of the children for purposes of establishing a "mature child" defense prior to ruling on the merits of the petition. *See Custodio v. Samillan*, 842 F.3d 1084, 1089 (8th Cir. 2016) (noting that ruling on this defense is a "fact-intensive determination

---

[1]Pub. L. 100-300 Sec. 2(a)(4), codified as the International Child Abduction Remedies Act, 22 U.S.C. § 9001(a)(4).

that is based in part on the court's personal observations of the child").  We express no opinion on the merits of the petition or the defenses raised by Armand.

The judgment is vacated, the pending motion is denied as moot, and the action is remanded for further proceedings consistent with this opinion.

_____